IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **JENNIFER BRANHAM**,<br><br>                Plaintiff,<br><br>    v.<br><br>**EMERITUS CORPORATION**, a Tennessee corporation doing business as **BROOKDALE RIVER ROAD**,<br><br>                Defendant. | Case No. 21CV24193<br><br>**COMPLAINT**<br>Employment Law – Retaliation (ORS 659A.030, ORS 659A.199, ORS 659A.230), Wrongful Discharge in Violation of Public Policy, Negligence<br><br>**Demand for Jury Trial**<br>Not Subject to Mandatory Arbitration<br>Fee Authority: ORS 21.160(1)(c)<br>Prayer Amount: $95,000 |

Plaintiff alleges:

**(Request for Jury Trial)**

1.

Plaintiff requests a jury trial in this matter.

**VENUE AND JURISDICTION**

2.

Plaintiff, Jennifer Branham ("Plaintiff"), is an individual and resident of Yamhill County, Oregon.

///

///

///

Page 1 of 10 - COMPLAINT

3.

Defendant, Emeritus Corporation, is a Tennessee corporation with its principal place of business in Brentwood, Tennessee, doing business in Oregon under the assumed business name, "Brookdale River Road" ("Brookdale"). Brookdale operates and manages senior living centers across the United States, including in California and Oregon. Brookdale has a senior living center in the city of Keizer, Marion County, Oregon, where Plaintiff worked during all times relevant to this *Complaint*.

4.

Venue and jurisdiction are appropriate in this court because all, or substantially all, of the events giving rise to this *Complaint* occurred in Marion County, Oregon.

**FACTUAL ALLEGATIONS**

5.

Brookdale hired Plaintiff in California in or around November 2007. Plaintiff transferred to Brookdale's location in Keizer, Oregon, in or around January 2018. Brookdale employed Plaintiff as a Business Office Coordinator at its Keizer location. Upon information and belief, Brookdale did not provide, and Plaintiff did not read or sign acknowledgment of, receipt of Brookdale policies upon entering Oregon.

6.

In 2018, Plaintiff reported to then-Executive Director of Brookdale's Keizer location, Alicia Sykes. In 2019, Plaintiff reported to the new Executive Director of Brookdale's Keizer location, Salina Martinez ("Martinez"). Martinez served as Plaintiff's manager until Brookdale terminated Plaintiff's employment. The District Director of Operations during the months leading up to Plaintiff's termination was Renee Brooks ("Brooks"), who served as Martinez's direct supervisor.

Jennifer Garmes ("Garmes") was the Regional Human Resources Director and HR Business Partner for Brookdale in Keizer.

7.

While employed by Brookdale, Sykes directed Plaintiff to complete online CPR/First Aid tests for associate employees. Plaintiff did not feel right about the directive, but also did not feel comfortable reporting matters to Garmes in Human Resources because she was under the impression that Garmes and Sykes were friendly with one another. Plaintiff later self-reported this issue.

8.

In or around December 2018, Plaintiff reported to Martinez that she believed the District Director of Sales, Cindy Plaza, and the Executive Director, Sykes, were making personal purchases on their company credit cards. Plaintiff discovered several charges for movies, games, an amusement park, personal groceries, gift baskets for Sykes' church coded as marketing, and other similar charges to different departments. Employees confirmed for Plaintiff that the charges were for items that were not received by their departments. At the time of her report, Plaintiff did not know that Sykes and Martinez knew each other personally. Soon thereafter, Martinez issued a "Final Reminder" to Plaintiff and informed her that her employment was in jeopardy because approximately 8 months earlier, in or before May 2018, Plaintiff followed Sykes' directive to complete CPR/First Aid tests for associate employees and Plaintiff did not report Sykes' misconduct. Upon information and belief, Sykes directed Plaintiff to complete the tests because Sykes needed them to be complete before the audit taking place in May 2018.

9.

Upon information and belief, Sykes' and Martinez's children went to private school together and knew one another outside of work. Plaintiff was unaware of the extent of Martinez's

1  relationships with Sykes, Plaza, Brooks, and Garmes at the time she reported that Sykes and Plaza
2  had made personal purchases on company credit cards.

                                              10.

4  Brookdale alleged that it did not learn that Plaintiff had completed the CPR/First Aid tests
5  until December 2018, and that it did not investigate the matter until such time.  Upon information and
6  belief, Sykes' employment with Brookdale ended in or around November 2018.  Although Sykes'
7  company card was used to pay for the tests, Brookdale alleged that it could not substantiate
8  Plaintiff's report that Sykes directed her to complete the tests because Sykes was not working there
9  when the investigation took place.

                                              11.

11 In the "Final Reminder," Martinez informed Plaintiff that she could report matters of concern
12 to Human Resources, the District Director of Operations, or to the Integrity Line.  Brookdale asserted
13 was anonymous, but Plaintiff's understanding was that the Integrity Line was a third-party that
14 reported the information an employee reported directly to the corporate office, and the corporate
15 office then gave the information to the Regional Human Resources Director.  Plaintiff did not feel
16 that she could report issues to anyone in a position of power at Brookdale because of the relationship
17 dynamics and because she was disciplined after making her last report to Martinez.

                                              12.

19 For the reasons set forth above, Plaintiff did not feel it was safe to make reports of unlawful
20 or otherwise wrongful conduct to Brookdale because she believed Garmes, Sykes, and Martinez
21 would be loyal to one another and Plaintiff would be pushed out of the company.
22 ///
23 ///

Page 4 of 10 - COMPLAINT

13.

During her employment, Plaintiff became aware of other suspicious practices and financial activity at Brookdale. Plaintiff noticed that Brookdale ordered supplies using government funds and then used the supplies for other residents. Prior to an audit, Sykes ordered employees to create documents required for the audit that did not yet exist and should have existed already.

14.

In late January 2019, Martinez instructed one or more employees to delay issuing a move-out ticket for a resident who was transferred to Brookdale's Salem location in order to retain the resident's Medicaid room and board funds. Plaintiff told Martinez that she was uncomfortable charging a resident for time when the resident was not in their facility. When Brookdale's Medicaid specialists contacted Plaintiff and Martinez regarding proper Medicaid transfers and reimbursements, Martinez instructed Plaintiff to hold-off on issuing a move-out order until Martinez spoke with Plaza. A move-out order would indicate that the resident is no longer at the Keizer location and Keizer would not receive the Medicaid funds for the remainder of the month. Martinez texted Plaintiff to ask, "How did they know we transferred…[i]f we didn[']t make a rim change" [sic]? Plaintiff spoke with Brookdale's Medicaid AL Reimbursement Specialist by telephone on or around January 23, 2019, and told her that she was not comfortable doing what Plaza and Martinez were telling her to do because it seemed like Medicaid fraud. The specialist provided feedback by email.

15.

In February 2019, Plaintiff and two of her co-workers reported and opposed Martinez's conduct to Garmes' attention. Plaintiff brought emails to the meeting in support of her report that Martinez's financial practices were extremely concerning and unethical. Plaintiff believed that Martinez was engaging in other unethical and unlawful practices, such as using funds earmarked for

1  'Resident A' to purchase products that were then used for 'Resident B.' Plaintiff believed residents
2  may be at risk because an employee was leaving medication out in the open, unattended. Plaintiff
3  was concerned that Martinez was engaging in unlawful practices that resulted in actual or potential
4  financial harm or exploitation of residents, such as fraud, aubse, false claims, and/or theft from
5  residents. Upon information and belief, Garmes did not initiate, and Brookdale did not conduct, an
6  investigation into Sykes' or Martinez's practices prior to terminating Plaintiff's employment.

16.

On March 21, 2019, a few weeks after Plaintiff met with Garmes, Brookdale terminated Plaintiff's employment. Upon information and belief, Martinez and Garmes made the decision to terminate Plaintiff's employment and Brooks was involved in the termination process.

17.

Having recently moved to Oregon from California, Plaintiff was not familiar with Oregon law. Prior to Martinez becoming the Executive Director, Sykes instructed Plaintiff to correct timecards if employees did not clock-in or clock-out for lunch or had another timecard error. If Plaintiff informed Sykes that she had done it differently in the past, Sykes would make a comment to the effect of, "That was California. This is Oregon." Plaintiff continued the timecard practice when Martinez became Executive Director.

18.

Plaintiff timely filed a complaint alleging retaliation for protected activity with the Bureau of Labor and Industries and filed this *Complaint* within 90-days of the Right to Sue letter.

19.

As a result of Brookdale's conduct, Plaintiff experienced extreme stress, anxiety, and anger.

///

## CLAIMS FOR RELIEF

## FIRST CLAIM: RETALIATION

**(Count 1: Violation of ORS 659A.030(1)(f))**

20.

Plaintiff realleges and incorporates paragraphs 1 through 18 herein by this reference. Pursuant to ORS 659A.030(1)(f), it is an unlawful employment practice for "any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice…." Brookdale discharged Plaintiff because of Plaintiff's opposition to what she, in good faith, believed to be fraud, theft, false claims for payment (ORS 165.692(2)), or potential elder/financial abuse, as alleged in the paragraphs above, in violation of ORS 659A.030(1)(f).

21.

As a result of Brookdale's unlawful conduct, Plaintiff suffered economic damages in the form of lost wages in the approximate amount of $45,000, which damages continue to accrue, and non-economic damages in the form of emotional distress in the amount of $40,000, as set forth in the paragraphs above. Plaintiff requests her economic and non-economic damages, costs, disbursements, reinstatement, back pay, front pay, attorney fees pursuant to ORS 659A.885, and any other relief this court deems just and equitable.

**(Count 2: Violation of ORS 659A.199)**

22.

Plaintiff realleges and incorporates paragraphs 1 through 20 herein by this reference. Pursuant to ORS 659A.199, it is an unlawful employment practice "for an employer to discharge, demote, suspend, or in any manner discriminate or retaliate against an employee with regard to promotion, compensation, or other terms, conditions, or privileges of employment for the reason that

1  the employee in good faith reported information that the employee believes is evidence of a violation
2  of state or federal law, rule, or regulation." Brookdale discharged Plaintiff from employment in
3  retaliation for her reports of unlawful conduct, as alleged in the paragraphs above, in violation of
4  ORS 659A.199.

5                                      23.

6      As a result of Brookdale's unlawful conduct, Plaintiff suffered economic damages in the
7  form of lost wages in the approximate amount of $45,000, which damages continue to accrue, and
8  non-economic damages in the form of emotional distress in the amount of $40,000, as set forth in the
9  paragraphs above.  Plaintiff requests her economic and non-economic damages, costs, disbursements,
10 reinstatement, back pay, front pay, attorney fees pursuant to ORS 659A.885, and any other relief this
11 court deems just and equitable.

12                         **(Count 3: Violation of ORS 659A.230)**

13                                      24.

14     Plaintiff realleges and incorporates paragraphs 1 through 22 herein by this reference.
15 Pursuant to ORS 659A.230, "It is an unlawful employment practice for an employer to
16 discharge…or in any manner discriminate or retaliate against an employee with regard to promotion,
17 compensation or other terms, conditions or privileges of employment for the reason that the
18 employee has in good faith reported criminal activity by any person…." Brookdale discharged
19 Plaintiff from employment, and was discriminatory in its treatment of her, for the reason that Plaintiff
20 in good faith reported what she believed to be criminal activity by her administration.

21                                      25.

22     As a result of Brookdale's unlawful conduct, Plaintiff suffered economic damages in the
23 form of lost wages in the approximate amount of $45,000, which damages continue to accrue, and

non-economic damages in the form of emotional distress in the amount of $40,000, as set forth in the paragraphs above. Plaintiff requests her economic and non-economic damages, costs, disbursements, reinstatement, back pay, front pay, attorney fees pursuant to ORS 659A.885, and any other relief this court deems just and equitable.

**SECOND CLAIM: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

26.

Plaintiff realleges and incorporates paragraphs 1 through 24 herein by this reference. In the alternative to Plaintiff's First Claim for relief, Brookdale discharged Plaintiff in violation of public policy. Public policy is to protect elders against abuse or exploitation, whether financial or otherwise. Brookdale discharged Plaintiff because she was opposing what she, in good faith, believed to be a pattern of Brookdale wrongfully using funds – funds that were intended for a particular resident – to fund the Keizer facility generally, as described in the paragraphs above.

27.

As a result of Brookdale's unlawful conduct, Plaintiff suffered economic damages in the form of lost wages in the approximate amount of $45,000, which damages continue to accrue, and non-economic damages in the form of emotional distress in the amount of $40,000, as set forth in the paragraphs above. Plaintiff requests her economic and non-economic damages, costs, disbursements, reinstatement, back pay, front pay, attorney fees, and any other relief this court deems just and equitable.

**THIRD CLAIM: NEGLIGENCE**

28.

Plaintiff realleges and incorporates paragraphs 1 through 26 herein by this reference. Brookdale had a duty to investigate and remedy potential unlawful activity in the workplace.

Brookdale breached that duty when it failed to investigate Plaintiff's reports about the (at worst) criminal conduct or (at best) financial mismanagement of its Executive Director in Keizer. As a direct and proximate result of Brookdale's negligent conduct, Plaintiff suffered economic damages in the amount of $45,000, and non-economic damages in the amount of $40,000, as alleged in the paragraphs above. Plaintiff requests her economic and non-economic damages, reinstatement, back pay, front pay, and any other relief this court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following for her claims for relief:

1. Economic damages in the amount of $45,000, which damages continue to accrue;
2. Non-economic damages in the amount of $40,000;
3. Reasonable attorney fees and costs pursuant to ORS 659A.885;
4. Reinstatement, back pay, and front pay;
5. Any other relief this court deems just and equitable.

Date: June 14, 2021.

/s/ Daemie M. Kim
Daemie M. Kim, OSB#123624
Email: daemie@dmkimlaw.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **JENNIFER BRANHAM**, | Case No. 21CV24193 |
| Plaintiff, | **SUMMONS** |
| v. | |
| **EMERITUS CORPORATION**, a Tennessee corporation doing business as **BROOKDALE RIVER ROAD**, | |
| Defendant. | |

To:     Defendant Emeritus Corporation d/b/a Brookdale River Road, c/o its registered agent, Corporation Service Company, 1127 Broadway Street NE, Suite 310, Salem, OR 97301.

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY!**

**You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.**

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
Daemie M. Kim, OSB#123624
Email: daemie@dmkimlaw.com
DMKIM LAW, LLC
P.O. Box 4295
Salem, Oregon 97302
*Attorney for Plaintiffs*

Page 1 of 2 - SUMMONS

| | |
|---|---|
| 1 | |
| 2 | STATE OF OREGON    ) |
| | ) ss. |
| 3 | County of Marion    ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
Daemie M. Kim, OSB#123624
DMKIM LAW, LLC
daemie@dmkimlaw.com

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
Daemie M. Kim, OSB#123624
Email: daemie@dmkimlaw.com
DMKIM LAW, LLC
P.O. Box 4295
Salem, Oregon 97302
*Attorney for Plaintiffs*

Page 2 of 2 - SUMMONS

Case 6:21-cv-01109-AA   Document 1-1   Filed 07/28/21   Page 13 of 13

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back                                                                                                          Location : All Locations   Images Help

# REGISTER OF ACTIONS
## CASE NO. 21CV24193

**Jennifer Branham vs Emeritus Corporation** § § § § § § | Case Type: **Tort - General**
Date Filed: **06/14/2021**
Location: **Marion**

---

### PARTY INFORMATION

|              |                                                                    | Attorneys |
|--------------|--------------------------------------------------------------------|-----------|
| **Defendant** | **Emeritus Corporation** *Doing Business As* Brookdale River Road | |
| **Plaintiff** | Branham, Jennifer | Daemie M Kim<br>*Retained*<br>503 798-2276(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

06/14/2021 **Complaint**
 Created: 06/15/2021 11:00 AM
06/14/2021 Service
 Emeritus Corporation        Served      06/29/2021
                             Returned    07/14/2021
 Created: 06/15/2021 11:00 AM
06/15/2021 **Assignment - Trial Judge** (Judicial Officer: Leith, David E )
 Created: 06/15/2021 11:17 AM
07/14/2021 **Proof of Service - Substitute**
 Created: 07/15/2021 11:22 AM
07/14/2021 **Summons**
 Created: 07/15/2021 11:22 AM

---

### FINANCIAL INFORMATION

**Plaintiff** Branham, Jennifer
Total Financial Assessment                                                                                  594.00
Total Payments and Credits                                                                                  594.00
**Balance Due as of 07/28/2021**                                                                          **0.00**

06/15/2021 | Transaction Assessment                                                                         594.00
06/15/2021 | xWeb Accessed eFile       Receipt # 2021-378627                Branham, Jennifer              (594.00)